## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**EMMETT D. HICKS,**

>        **Plaintiff,**

>        **v.**

**LT. ELLIOT GOFF,** *et al.,*

>        **Defendants.**

**Case No. 2:19-cv-556**
**Chief Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Chelsey M. Vascura**

## <u>ORDER and REPORT AND RECOMMENDATION</u>

Plaintiff, Emmett D. Hicks, a state inmate who is proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983, alleging that Defendants, Lt. Elliot Goff and Corrections Officer Matthew Hoyt, subjected him to excessive force when they deployed mace and that they were negligent in failing to more efficiently break up a fight in violation of the Eighth Amendment to the United States Constitution.   This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).  Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** this action pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF No. 1.) Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statements reveal that he currently possesses the sum of $12.55 in his prison account, which is insufficient to pay the full filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts (Inmate Id Number A736433) at Correctional Reception Center is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

Prisoner Accounts Receivable
260 U.S. Courthouse
85 Marconi Boulevard
Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and

the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## I.

According to the Complaint, on November 2, 2018, Plaintiff "was in an altercation with [three] inmates." (Compl. 5, ECF No. 1-1.) During this altercation, one of the inmates punched Plaintiff. When Plaintiff tried to defend himself, two other inmates started punching him. At some point, Plaintiff was "muscled to the ground," at which point the three inmates proceeded to kick him. (*Id.*) Defendants arrived at the altercation while Plaintiff was on the ground. Defendants maced Plaintiff and instructed him to remain on the ground. Although Defendants did stop the other three inmates from attacking Plaintiff, Plaintiff alleges that Defendants were "negligen[t] in [their] failure to use [proper] force to break up the attack in a timely manner." (*Id.*) Plaintiff explains that the inmates continued to kick him after he was maced.

Following the altercation, Plaintiff and another inmate were issued "fight tickets," and the other two inmates were "charged with assault tickets." (*Id.*) Plaintiff believes he was discriminated against, explaining that the conduct report states that the only time he was on the ground was after he had been instructed to go to the ground, but that this is not accurate. Plaintiff alleges that he continues to experience neck pain, headaches, and emotional distress as a result of the attack. In terms of relief, he seeks compensatory and punitive damages.

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from

filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e) as part of the

statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
>                         *       *       *
>
> (B) the action or appeal--
>
>     (i) is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte*

dismissal of an action upon the Court's determination that the action is frivolous or malicious, or

upon determination that the action fails to state a claim upon which relief may be granted.  *See*

*Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

      To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the

Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements

set forth in Federal Rule of Civil Procedure 8(a).  Under Rule 8(a)(2), a complaint must contain a

"short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.

Civ. P. 8(a)(2).  Although this pleading standard does not require "'detailed factual allegations,' .

. . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a

cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Further, a complaint will not "suffice if it

tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*,

550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule

12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party.  *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted).  The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'"  *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at \*2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## III.

Although Plaintiff's Complaint lacks clarity, it appears that he is seeking to assert (1) an excessive force claim premised upon Defendants' use of mace, (2) a failure-to-protect claim based upon his allegations that another inmate continued to kick him after he had been maced, and (3) an unspecified claim based upon his allegation that the statements in the conduct report he was issued were inaccurate.  The undersigned considers each of these claims in turn.

### A.   Claim for Excessive Force

"The Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from the 'unnecessary and wanton infliction of pain.'"  *Barker v. Goodrich*, 649 F.3d 428, 434

(6th Cir. 2011) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).  "Whether [a defendant's] alleged conduct constitute[s] excessive force in violation of the Eighth Amendment depends on 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'"  *Id.* (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). Relevant factors in this analysis include "'the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response."  *United States v. Bunke*, 412 F. App'x 760, 765 (6th Cir. 2011).  A claimant need not establish a "significant injury" to prove an excessive-force violation.  *Wilkins v. Gaddy*, 130 S.Ct. 1175, 1178 (2010).

According to the Complaint, Defendants encountered Plaintiff and three other inmates in a violent altercation, with three inmates kicking and punching Plaintiff.  In *Griffin v. Hardrick*, 604 F.3d 949 (6th Cir. 2010), the United States Court of Appeals for the Sixth Circuit explained the deference owed to a prison official's decision to employ force upon encountering a prison disturbance as follows:

> [O]fficials confronted with a prison disturbance must balance the threat [that] unrest poses to inmates, prison workers, administrators, and visitors against the harm inmates may suffer if guards use force.  Because prison officials must make their decisions in haste, under pressure, and frequently without the luxury of a second chance, we must grant them wide-ranging deference in the adoption and execution of policies that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.

604 F.3d at 954 (quoting *Combs*, 315 F.3d at 557 (citations and internal quotation marks omitted)).

Accepting Plaintiff's allegations as true, the undersigned finds Defendants could have reasonably perceived a serious threat that necessitated utilization of force, including their

deployment of mace. Per Plaintiff's allegations, the two Defendants encountered four inmates in a violent altercation. Though Plaintiff alleges that he posed no threat given that he was on the ground being kicked when Defendants arrived, Defendants, who were outnumbered two-to-one, could have reasonably viewed him as a threat to be neutralized. Plaintiff's Complaint contains no other allegations that would support a finding that Defendants deployed mace maliciously or sadistically to harm Plaintiff.

For these reasons, it is **RECOMMENDED** that Plaintiff's claim for excessive force be **DISMISSED** pursuant to § 1915(e)(2).

**B.      Failure-to-Protect Claim**

Plaintiff next contends that Defendants were negligent because they "fail[ed] to use [proper] force to break up the attack in a timely manner." (Compl. 5, ECF No. 1-1.) Plaintiff does not identify what force Defendants used to subdue his attackers or how much time passed before they were neutralized, only that after Defendants responded to the altercation, he was maced and felt additional kicks.

Prison officials must "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To state an Eighth Amendment claim against prison officials based on their failure to protect an inmate from an attack by another inmate, a plaintiff must allege facts showing that the defendants' conduct amounted to "deliberate indifference" to a known risk of harm to the plaintiff. *Id.* at 834; *see also Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997).

The facts Plaintiff allege do not support a finding that Defendants knew that this altercation would take place or that once they encountered the disturbance, they acted with deliberate indifference in failing to take reasonable measures neutralize Plaintiff's attackers. *Cf.*

*Parris v. N.Y. State Dep't Corr. Servs.*, 947 F.Supp.2d 354, 363 (S.D.N.Y. 2013) ("Courts routinely deny deliberate indifference claims based on surprise attacks."). That one of the inmates continued to kick Plaintiff after Defendants arrived does not demonstrate that Defendants acted with a sufficiently culpable state of mind to state an Eighth Amendment claim, but rather likely reflects the reality that two guards were working to subdue three violent inmates. *See Farmer*, 511 U.S. at 835 ("Eighth Amendment liability requires more than ordinary lack of due care for the prisoner's interests or safety.'" (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). Plaintiff's conclusory allegation that Defendants were negligent, even if true, also is insufficient to establish an Eighth Amendment failure-to-protect claim. *See Farmer*, 511 U.S. at 835 ("[D]eliberate indifference describes a state of mind more blameworthy than negligence."); *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996) ("Mere negligence . . . is not enough to state a claim of deliberate indifference under the Eighth Amendment. It is also not sufficient to show that the prison guard merely failed to act reasonably." (internal quotation marks and citation omitted)).

For these reasons, it is **RECOMMENDED** that Plaintiff's failure-to-protect claim be **DISMISSED** pursuant to § 1915(e)(2).

## C. False Conduct Report Claim

To the extent Plaintiff seeks to advance a claim premised upon his allegations that the conduct report he received contained false statements, he has failed to state a claim because "a prisoner has no constitutional right to be free from false accusations of misconduct." *Jackson v. Hamlin*, 61 F. App'x 131, 132 (6th Cir. 2003) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)); *see also Lee v. Pauldine*, No. 1:12–cv–077, 2013 WL 65111, at *8 (S.D. Ohio Jan. 4, 2013) ("Accepting as true plaintiff's allegation that defendant . . . filed a false conduct report

against him, '[t]he act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights.'" (quoting *Spencer v. Wilson*, No. 6:11–00128–KSI, 2012 WL 2069658, at *6 (E.D. Ky. June 8, 2012)), *adopted*, 2013 WL 646775 (S.D. Ohio Feb. 21, 2013)); *Reeves v. Mohr*, No. 4:11-cv-2062, 2012 WL 275166, at *2 (N.D. Ohio Jan. 31, 2012) ("Erroneous allegations of misconduct by an inmate do not constitute a deprivation of a constitutional right.").

For these reasons, it is **RECOMMENDED** that Plaintiff's claim premised upon the filing of a false conduct report be **DISMISSED** pursuant to § 1915(e)(2).

## IV.

For the reasons set forth above, Plaintiff's motion for leave to leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) (ECF No. 1) is **GRANTED**. In addition, it is **RECOMMENDED** that this action be **DISMISSED** for failure to state a claim pursuant to pursuant to § 1915(e)(2).

The Clerk is **DIRECTED** to send a copy of this order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

## <u>PROCEDURE ON OBJECTIONS</u>

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. §

9

636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.


/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE